**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,   )  | CR-11-736-PHX-DGC (LOA) |
| Plaintiff,   ) | **ORDER** |
| vs.   ) | |
| A. James Whitlock,   ) | |
| Defendant.   ) | |

This case arises on Defendant's Motion to Modify Conditions of Release, filed on September 28, 2011. (Doc. 24) The Government has responded, doc. 25, and Defendant filed a reply, doc. 31. On October 3, 2011, the assigned District Judge, the Honorable David G. Campbell, referred Defendant's Motion to Modify Conditions of Release to the undersigned Magistrate Judge "to make appropriate findings and orders." (Doc. 30) For the reasons set forth herein, Defendant's Motion is denied.

**I. Background**

The docket reflects that a multi-count indictment was returned against Defendant on April 19, 2011, charging him with Dealing in Firearms without a License (Count 1), in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a) and 924(a)(1)(D), a Class D felony, and; four counts of False Statement in the Acquisition of a Firearm (Counts 2-5), in violation of 18 U.S.C. § 922(a)(6), each a Class D felony. (Doc. 1) After service of a summons on April 25, 2011, Defendant, an Ocean, New Jersey resident, appeared before the undersigned on May

4, 2011 for his initial appearance and arraignment with his privately-retained attorneys. Pleas of not guilty were entered on his behalf and a trial date was set for June 14, 2011. (Doc. 6) As a result of his testing positive for cocaine and methamphetamine while on pretrial release on New Jersey felony charges, Defendant was taken into custody, and a detention hearing was set for the next day. (*Id.*) Defendant reported to the Pretrial Services Officer he used crack cocaine on April 29 and April 30, 2011. (Doc. 10 at 1) After the May 5, 2011 detention hearing concluded, the Court found that

> [t]he Government ha[d] sustained its burden of proof by a preponderance of the evidence that Whitlock is a serious flight risk, by clear and convincing evidence that Whitlock is a danger to the community if released, and no condition or combination of release conditions would reasonably assure Whitlock's appearances at all future court proceedings and the safety of the public were Whitlock released from custody. Whitlock's uncontrollable affinity for the combination of guns and illegal drugs creates too great a risk that he be released from custody.

(Doc. 27)

The docket also reflects that after several trial continuances, on September 29, 2011, Defendant pled guilty to Count 1 of the indictment, Dealing in Firearms without a License. (Doc. 27) The lodged plea agreement indicates that, among others, for purposes of determining Defendant's Guideline sentencing offense level pursuant to section 6B1.4, the parties stipulate that the number of firearms involved was twelve (12). (Doc. 28 at 2) The Government also agrees to recommend that Defendant's "sentence shall be within the applicable Sentencing Guideline range[]" and Defendant receive either a two or three level downward adjustment for acceptance of responsibility depending whether his offense level is at or above 16. (*Id*. at 2-3) The plea agreement's factual basis confirms that "[b]etween October 24, 2009, and March 29, 2011, defendant purchased 52 firearms from licensed dealers. Shortly after each purchase, defendant sold the firearm and/or traded it for other contraband . . . ." (*Id.* at 5) Sentencing is presently set for December 12, 2011 at 3:00 p.m. before Judge Campbell. (Doc. 27)

Defendant's Motion indicates that, according to Janet Dahl, Defendant's sister, "their father, Arthur Whitlock, is terminally ill with a recently diagnosed rare form of leukemia .

. . [and] is hospitalized with stage 4 leukemia. His prognosis is guarded and the family has been told that he could pass away at any moment. Both father and son would like an opportunity to see one another. Counsel and Whitlock believe that if he were released, allowed to travel to New Jersey with Pretrial Services monitoring and drug testing conditions, that the Court should be reasonably assured that he will appear as ordered and that he would not pose a danger to others in the community in which he would reside at [address omitted] in Ocean, New Jersey, 07712." (Doc. 24 at 2) Sufficient documentation has been provided to verify that Defendant's father is terminally ill and in failing health. (*Id*., Exhibit ("Exh.") A and B) Defendant's Motion, however, does not address the appropriate release standard but suggests in his proposed order that the standard to determine whether Defendant should be released pending sentencing is "good cause." (Doc. 24-1 at 1) The Court disagrees that good cause is the correct standard.

Responding to the Defendant's Motion, the Government recognizes that "defendant would guideline out to a prison sentence . . . [and] the presumption could be that the defendant should remain in custody." (Doc. 25 at 1) Nevertheless, the Government conditionally agrees to Defendant's release "if the defendant is willing to surrender his drivers license to the appropriate issuing authority, abide[s] by an order that he will not drive a motor vehicle, refrain[s] from any use of drugs and alcohol, submit[s] to daily uranalyses testing, and agree[s] to any other conditions set by Pretrial Services . . . [and] that defendant's release shall not go beyond the date of his current scheduled sentencing." (*Id.* at 2) Again, there is no reference to, nor discussion of, the appropriate release standard pending Defendant's sentencing.

Defendant's Reply states the obvious that Defendant "has not used an illegal substance since being taken into custody on May 5, 2011 [and] if released pending his sentencing, [Defendant] agrees to abide by the conditions set forth by the Government." (Doc. 31 at 2)

## II. Reconsideration of Detention Orders

Title 18 U.S.C. §3142(f) expressly provides that a detention hearing:

> [m]ay be reopened at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. §3142(f); *United States v. Jacquot*, 2011 WL 1636943, * 2 (S.D.Cal. April 29, 2011); *United States v. Simpson*, 2010 WL 129793, * 3 (D.Utah January 8, 2010). Thus, the "movant", whether prosecutor or defendant, must establish: 1) that information now exists that was not known to the movant at the time of the initial detention hearing, and 2) the new information is material to release conditions regarding flight or dangerousness. *United States v. Bowens*, 2007 WL 2220501, * 1 (D.Ariz. July 31, 2007) (citing *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989) (testimony of defendant's family and friends is not new evidence to warrant reopening of detention).

The rationale for the rule is discussed in *United States v. Flores*, 856 F. Supp. 1400 (E.D.Cal. 1994) wherein a defendant's motion to reopen detention hearing was denied. "A rule that would not discourage a party for failing to acquire *readily available evidence* for presentation the first time is a rule that encourages piecemeal presentations. Judicial efficiency is not served by such a practice." *Bowens*, 2007 WL 2220501 at 2 (emphasis added). *See also, United States v. Ward*, 235 F.Supp.2d 1183, 1185 (N.D.Okl. 2002) (in denying a motion to reopen the issue of pretrial detention, magistrate judge observed that "the proffered information about Defendant's background, ties to the community and employment history were all known" at the time of the detention hearing) (citing *United States v. Dillon*, 938 F.2d 1412 (1st Cir. 1991)).

The Court finds that Defendant's gravely ill father constitutes new information that did not exist at the time of Defendant's initial detention hearing, and assumes, without deciding, that this new information is material to release conditions regarding flight or

- 4 -

dangerousness. Therefore, the Court will reconsider the issue of detention or release with conditions.

**III. Release After Guilty Plea Before Sentencing**

Federal Rule of Criminal Procedure 46(c) conditions eligibility for release pending sentencing on compliance with the provisions of 18 U.S.C. § 3143. Rule 46(c), Fed.R.Crim.P.[1]; *United States v. Taliaferro*, 779 F.Supp. 836, 837 (E.D.Va. 1992). Independent of 18 U.S.C. § 3143, a statute that is not a model of clarity, Rule 46(c) makes clear that "[t]he burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Rule 46(c), Fed.R.Crim.P. Subsection (1) of § 3143(a) mandates that a person "found guilty . . . who is awaiting imposition or execution of sentence" shall be detained, "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released."[2] *United States v. Oliver*, 2010 WL 5401435 (N.D.Ohio Dec. 23, 2010) (after defendant pled guilty, request for release on bond pending sentencing to care for defendant's children due to children's mother's ill health denied); *United States v. Mellies*, 496 F.Supp.2d 930 (M.D.Tenn. 2007). "[Section] 3143(a)

---

[1] Rule 46(c) states that "[t]he provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal. *The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant*."). Rule 46(c), Fed.R.Crim.P. (emphasis added).

[2] Title 18 U.S.C. § 3143(a)(1) provides in pertinent part:

Except as provided in paragraph (2), the judicial officer *shall* order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . *be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released* under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a)(1) (emphasis added).

creates a presumption in favor of detention pending sentencing." *United States v. Marks*, 947 F.Supp. 858, 863 (E.D.Pa. 1996) "Clear and convincing evidence means something more than a preponderance of the evidence and something less than beyond a reasonable doubt." *Id.* at 863 (quoting *United States v. Mustakeem*, 759 F.Supp. 1172, 1177–78 n. 7 (W.D.Pa. 1991) (internal quotations omitted in original)). *See also*, *United States v. Londono-Villa*, 898 F.2d 328, 329 (2d Cir. 1990) (holding that the district court's finding by clear and convincing evidence that defendant did not pose flight risk pending sentence was clearly erroneous).

**IV. Discussion**

The Court is not persuaded that Defendant will remain drug-free and law-abiding if released, especially with Defendant's heightened emotions of seeing and dealing with his father in his current deteriorating condition and likely death in the near future. The risk is compounded by the likelihood of Defendant receiving a prison sentence if he returns to Arizona for his December sentencing.[3] Most certainly, Defendant has not met his burden of proof by clear and convincing evidence that he will not likely flee or pose a danger to the safety of any other person or the community if released. At 34-years of age and three previous drug treatment admissions in Florida, California, and Oklahoma, Defendant has an admitted long history of using illicit drugs (ecstasy, GHB, cocaine, marijuana and methamphetamine) since he was a teenager. (Doc. 9 at 2-3) His undisputed usage of cocaine and methamphetamine shortly before his initial appearance herein while on pretrial release on New Jersey felony charges filed in early 2011 demonstrates Defendant's inability or unwillingness to abstain from illicit drugs and the minimal consideration he gives to court orders to remain law-abiding. (*Id.*) The Court is not so naive to believe, nor reckless enough

---

[3] Recognizing that the Guidelines are advisory, the Court estimates that Defendant's adjusted offense level is 13 (12 + 4 - 3 = 13), resulting in a Guideline imprisonment range of 12 to 18 months (Zone C) based on a Total Offense Level 13 and an estimated Criminal History Category I.

to endanger the public's safety, that with Defendant's long history of drug usage and failure to remain drug-free while on New Jersey pretrial release on felony charges that Defendant should be released with conditions simply on his lawyer's speculative assurances that, if released, Defendant would abide by all release conditions pending his sentencing.

**V. Conclusion**

The Court is sympathetic with the difficult and emotional issues with which the Whitlock family is presently dealing with their father's failing health and the poor timing of Defendant's present incarceration. Candidly, the Court's ruling herein was not cavalierly made without difficulty nor awareness of its consequences. The Court is duty-bound to follow the law and will deny Defendant's release motion because Defendant has not met his burden of proof that he will not flee or pose a danger to the community if released.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Modify Conditions of Release, doc. 24, is **DENIED**.

Dated this 13th day of October, 2011.

Lawrence O. Anderson
United States Magistrate Judge